J. W. BAILEY v. H. F. LONG.

(Filed 13 December, 1916.)

**1. Pleadings—Interpretation—Demurrer.**

The allegations of a complaint tending to show a cause of action must be taken as true upon demurrer.

**2. Abatement—Death—Damages—Husband and Wife—Hospitals—Negligence —Mental Anguish.**

In an action for damages brought by the husband against one operating a hospital, for the alleged wrongful death of his wife, the complaint alleged that owing to the negligent defective construction of the room in which the wife was confined as a patient the rain beat in and water stood, at times, for hours on the floor, one inch deep, and in consequence his wife caught a severe cold, which developed into pneumonia, from which she died, and that the defendant had contracted with the plaintiff to furnish his wife a suitable room, care and medical attention. *Held*, sufficient to sustain a recovery by the husband for the loss of services of his wife during her last sickness to the time of her death, for the loss of the society of his wife occasioned by such sickness, and for the mental anguish he may have sustained on seeing her suffer and die, caused by the defendant's wrong; and that an action for damages of this character does not abate at the death of his wife.

CIVIL ACTION heard at August Term, 1916, of BURKE, upon demurrer to complaint, *Webb, J.,* presiding.

The court sustained the demurrer. Plaintiff appealed.

*Avery & Ervin, M. H. Yount, D. L. Russell for plaintiff.*
*S. J. Ervin, W. D. Turner, Spainhour & Mull for defendant.*

BROWN, J. The cause of action as stated in the complaint, upon demurrer, must, as to the facts alleged, be taken to be true. The facts alleged are substantially these: Plaintiff's wife was suffering with a broken hip and taken to defendant's hospital at Statesville by the plaintiff for treatment. "The defendant not only undertook and contracted to attend and care for her in a proper and skillful manner as a physician and surgeon, but also undertook and contracted to provide for her a suitable and safe room in his said hospital, and to give her proper nursing and attention while an inmate of his hospital."

The complaint further alleges that by reason of the defective condition and construction of defendant's hospital, and especially on account of the defective condition and construction of the windows of the room where plaintiff's wife was placed by defendant, the rains beat into the room to such an extent that the floor of the room was covered with

water to a depth of more than one inch on several occasions while plaintiff's wife was a patient, and was allowed to remain so for the space of several hours, thus rendering the said room cold and damp, by reason of which the health of plaintiff's wife was greatly impaired, and on account of which she contracted a severe cold, which grew gradually worse, on account of the failure of the defendant to properly and skillfully treat, provide, and care for plaintiff's wife, which cold developed into pneumonia, from which she died on or about 15 November, 1913. That the unhealthy and improper condition of said room in which the sick wife of the plaintiff was placed by the defendant was due to the gross carelessness and negligent acts of the defendant, and his failure to have said room properly constructed and kept in repair for the purposes for which it was intended, that is to say, for the reception of sick patients while under treatment by said defendant in said hospital, and by reason of the careless and negligent acts and failure in duty of the defendant as hereinbefore set out, this plaintiff has been greatly and seriously damaged and suffered great pain and mental anguish, as follows:

(*a*) To his feelings and sympathies in witnessing the agony and suffering of his said wife while lingering with such cold and pneumonia, and in the act and article of death resulting therefrom.

(*b*) In the loss to plaintiff of the society of his said wife, and the comfort, pleasure, and happiness which he was accustomed to enjoy in the marital relations existing between them.

(*c*) In the loss to plaintiff of the services of his said wife, who was in every way industrious, saving, and helpful to him in the management and conduct of his household affairs; the plaintiff by her death being left without any assistance and with no one to look after or care for the conduct of his domestic affairs.

The ground of the demurrer is that no cause of action is stated in the complaint that survived the death of the wife.

At common law the right of action for an injury to the person abated upon the death of the person injured, under the maxim, *Actio personalis moritur cum persona.* But causes of action accrued to those who stood to the deceased in the relation of master, parent, or husband, for recovery of damages for loss of service or society.

In *Baker v. Bolton,* 1 Camp., 493, *Lord Ellenbrough* held that the husband could recover for the loss of the wife's society, and the distress of mind the plaintiff had suffered on her account, from the time of the injury until the moment of her dissolution; "and," says Mr. Tiffany, "this distinction has been followed." Death by Wrongful Act, sec. 16, and notes.

It was further held in England in 1875 that when a passenger on a train was injured and, after an interval, died in consequence, his personal representative might, in an action for breach of contract of safe carriage, recover the damages to his personal estate arising in his lifetime from medical expenses and loss occasioned by his inability to attend to business. It was subsequently held in *Leggatt v. Ry.* (1 Q. B. D., 599), by the Queens Bench, that a prior recovery as administrator under Lord Campbell's Act was no bar to an action by such administrator to recover damages to intestate's personal estate by his inability to attend to his business from the time of the injury until death, as plaintiff sued in a different right in each case.

The Supreme Court of Michigan, 3 Mich., 180, held that when death does not at once ensue a person entitled to the services of the one injured may recover for the loss accruing between the injury and the death, and that such action is not barred by death.

It was again held in Kentucky, where a minor son was injured by a street car and subsequently died from the injury, that the father could recover all expenses incurred for the same care in nursing, etc., and for the loss of service from the date of injury to death. In addition, we think plaintiff can recover damages for the mental suffering and injury to his feelings in witnessing the agony and suffering of his said wife while lingering with such cold and pneumonia, and in the act and article of death resulting therefrom.

We see no reason why, if the husband can recover damages from a telegraph company for mental anguish for delay in delivering a telegram informing him of his wife's illness, he should not recover for the mental anguish occasioned by witnessing her suffering and death against the alleged author of such suffering and death.

The demurrer is overruled, and the defendant will be allowed to answer.

