ALLEN and STACY, JJ., concur in result.
The plaintiff, who is the wife of W. B. Hipp, brings this action alleging that her husband, while working as an employee of the defendant company in Hopewell, Virginia, was "seriously, painfully and permanently injured as a proximate result of the carelessness and negligence of the defendants," setting out the manner in which he was injured and the extent of such injuries and the expense, and that under the law of Virginia, which is set out, the plaintiff was entitled as a married woman to sue and be sued as if she were unmarried, and to own and control her property as fully as if she had remained single, and that neither she nor her husband have received anything whatever from the defendants in the way of damages for the serious injuries inflicted on him; and that her husband brought action in Virginia, but notwithstanding three separate jury verdicts afforded him the Court of Appeals of that State rendered judgment against him upon demurrer to the evidence; that the plaintiff is entitled, notwithstanding, to recover in this jurisdiction, she having obtained service upon the defendants for the personal injuries inflicted on her by the injury to her husband. The defendants demur from the ground that it appears upon the face of the complaint that judgment has been rendered in Virginia that *Page 11 
her husband was not entitled to recover, and that it appears inferentially therefore that under the law of the State of Virginia she has no action for the loss of her husband's company, for damages to her consequent upon injury sustained by him caused by the negligence of a third person, where the husband's right of action, if any, is barred. The judge overruled the demurrer and the defendants appealed.
The demurrer admits all facts sufficiently pleaded, and therefore we must take it that the plaintiff's husband was "seriously, painfully and permanently injured as the proximate result of the carelessness and negligence of the defendants," and that by reason thereof the plaintiff has suffered shock which has impaired her nervous system, impaired and permanently injured and weakened her physical and mental condition, and that she has suffered greatly from loss of sleep, worry and anxiety on (11) account of the condition of her husband in watching over and caring for him, causing her to devote her entire time to nursing and caring for him, while at the same time the burden of maintaining the family fell upon her, entailing heavy cost and expense, and that she has been forced to pay out large sums of money to hospitals, doctors, nurses and medical expenses, and that by reason of said injuries she has been deprived of the support and maintenance which her husband would have given her, and has suffered mental anguish by being forced to witness the suffering endured by her husband whereby her own nerves and health have been seriously and permanently shocked, weakened and impaired, and that by reason of the physical and mental condition of her husband she still continues to suffer in mind and body, and has been denied the care, protection, consideration, companionship, aid and society of her said husband and the pleasure and assistance of her husband in escorting her to visit friends and relatives, and has been required to remain at home for long periods of time denying herself to friends and relatives, and besides has had entailed upon her the fatigue of nursing and caring for him and incurred expenses, and has paid large sums on that account. These matters are set out more at length in the complaint, but this is a summary of the grounds of her action, all of which allegations of facts are admitted *Page 12 
as pleaded by the demurrer. The demurrer in effect presents two questions of law upon these facts:
1. The first is that the judgment against her husband in Virginia,Dupont v. Hipp, 123 Va. 42, bars any right of action which she might have for damages for grief, mental anguish, labor and expense devolving upon her by the disability of her husband and the loss and comfort of his society.
2. The second is that upon the facts admitted the wife is not entitled to maintain this action.
As to the first ground of demurrer, if the wife has a cause of action we do not think the demurrer can be sustained. She was not a party to the action brought by her husband, and she is not estopped by the judgment as to any relief she might be entitled to. It may be that upon the trial of this action an entirely different state of facts as to the manner in which the husband was injured might be developed, either by additional evidence or by the estimate placed upon the evidence by the jury. She was neither a party nor a privy to that action.
In Laskowski v. People's Ice Co. (Mich.), 2 A.L.R. 586, it was held that "A judgment in favor of a wife in an action to recover damages for injuries to her person is not conclusive upon the question of defendant's negligence and absence of her contributory negligence, in an action by her husband for the damages resulting (12) to him from such injuries." Of course the reverse must be true since, as held in that case, under the Married Woman's Act he was not a necessary or proper party to the action by his wife to recover damages for injuries to her person, and was not in fact a party. See note to that case (2 A.L.R. 592), citing many cases that neither the judgment in such case, nor a settlement by compromise on the part of the wife would affect the husband's right to recover for the damages sustained by him, quoting among other R. R. v. Kinman, 182 Ky. 597.
But the second ground of demurrer presents an entirely different question. At common law the husband could maintain an action for the injuries sustained by his wife for the same reason that he could maintain an action for injuries to his horse, his slave or any other property; that is to say by reason of the fact that the wife was his chattel. This was usually presented in the euphemism that "by reason of the unity of marriage" such actions could be maintained by the husband. But singularly enough this was not correlative and the wife could not maintain an action for injuries sustained by her husband.
The reason is thus frankly stated by Blackstone: "We may observe that in these relative injuries, notice is only taken of the *Page 13 
wrong done to the superior of the parties (husband) injured by the breach and dissolution of either the relation itself, or at least the advantage accruing therefrom; while the loss of the inferior (the wife) by such injuries is totally unregarded. One reason for this may be this: that theinferior hath no kind of property in the company, care or assistance of thesuperior as the superior is held to have in those of the inferior; and therefore the inferior can suffer no loss or injury." 3 Blackstone's Commentaries, 143.
By the married women's provision in the Constitution of 1868, Art. X, sec. 6, this conception of ownership by the husband whereby upon marriage all the personal property of the wife became the property of the husband and he became the owner of her realty during his lifetime, was abolished. The courts in this State continued for a long while, notwithstanding, to hold that the husband could recover his wife's earnings and the damages for injuries done her; but by the act of 1913, now C.S. 2513, it was provided that her earnings and damages for torts inflicted upon her were her sole and separate property for which she could sue alone.
It follows therefore that the husband cannot sue to recover his wife's earnings, or damages for torts committed on her, and there is no reason why she can sue for torts or injuries inflicted on her husband. The law has never authorized the wife to maintain such action for torts sustained by the husband. We agree with the learned counsel for the plaintiff that if the husband could maintain an action to recover damages for torts on the wife she (13) should be able to maintain an action on account of torts sustained by the husband. Such right of action if it existed in favor of the husband should exist in favor of the wife. It should be in favor of both, or neither, but in view of the Constitution of 1868 and our statute on the subject, we think that such action cannot be maintained by either on account of the injury to the other.
So far as injuries to the husband are concerned and the damages he has sustained, whether the plaintiff recovers or fails to do so the verdict and judgment are conclusive. The wife certainly cannot recover a second time for the injuries of the husband, who alone can sue for them (or in case of wrongful death, his personal representative), but the action of the wife is not for the injuries to the husband, though formerly the husband was allowed to recover damages for the injuries sustained by the wife because they were his property. Price v. Electric Co., 160 N.C. 450. That is now swept away.
The cause of action for the wife in this case is not for the injuries to the husband, but for the injuries to herself which are thus summed up in the brief for the plaintiff in this action: *Page 14 
1. Expenses paid by her, made necessary by her husband's injuries.
2. Services performed in nursing and caring for him.
3. Loss of support and maintenance.
4. Loss of consortium.
5. Mental anguish.
Though the husband can no longer recover for the damages which his wife has sustained as property belonging to himself, he may still recover for the damages sustained by him by reason thereof which have been held to include expenses incurred, deprivation of society and loss of aid and comfort.
In Kimberly v. Howland, 143 N.C. 398, the plaintiff's wife received a serious injury by reason of the defendant's negligence. The Court (page 405) said: "It is contended that the husband has sustained no injury, and as to him the motion to nonsuit should have been allowed. It seems to be well settled that where the injury to the wife is such that the husband receives a separate loss or damage, as where he is put to expense, or is deprived of the society or the services of his wife, he is entitled to recover therefor, and he may sue in his own name."
In Bailey v. Long, 172 N.C. 661, decided since chapter 13, Laws 1913, the plaintiff had taken his wife to the defendant's hospital. By reason of the defective condition and construction of said hospital, his wife contracted pneumonia and died. The plaintiff brought the action for damages suffered by him. Mr. Justice Walker, for a unanimous Court, held that the plaintiff could recover for expenses which accrued to him for nursing and otherwise, and said: (14) "In addition, we think plaintiff can recover damages for the mental sufferings and injury to his feelings in witnessing the agony and suffering of his said wife, while lingering with such cold and pneumonia, and in the act and article of death resulting therefrom."
We do not think that the husband could now recover compensatory damages for her physical and mental anguish nor for the value of her services, which are matters purely personal to her, and for which she alone can recover, though formerly these were the basis for an action by the husband. As he can no longer sue for earnings, of course he is not entitled to recover the value of her services. But the great weight of authority sustains the proposition that under the modern statutes enlarging the rights of married women, the husband is not deprived of his right to recover the damages which he himself sustains and which are the direct consequences of the injury to the wife. He cannot sue for the injuries she sustained, but for those which accrued to himself as the direct and not the remote *Page 15 
consequences of such wrongful act of the defendant. 13 R.C.L., sec. 642; 21 Cyc. 1527.
In Holleman v. Harward, 119 N.C. 150, where the defendant had sold the plaintiff's wife laudanum or similar drugs despite the plaintiff's protests, the Court held that the husband could recover for loss of companionship and loss of services resulting therefrom. While the statute now does not permit the husband to recover for loss of services, which must be recovered solely by the wife, the loss of the companionship of his wife is a loss purely personal to him and the direct consequence of the wrong of the defendant. For this the wife could not recover, and being the direct and not remote consequence of the wrongful act, the husband is entitled to his action.
In Flandermeyer v. Cooper, 85 Ohio St. 327, where the defendant had sold drugs to the husband over the wife's protest, it was held in exact analogy to the above case from this Court, that she could recover for the damages thus resulting to her. The Court said: "A statutory right cannot change except by action of the lawmaking power of a State. But it is the boast of the common law that: `Its flexibility permits its ready adaptability to the changing nature of human affairs.' So that, whenever, either by the growth or development of society, or by the statutory change of the legal status of any individual, he is brought within the principles of the common law, then it will afford to him the same relief that it has heretofore afforded to others coming within the reason of its rules. If the wrongs of the wife are the same in principle as the wrongs of the husband, there is now no reason why the common law should withhold from her the remedies it affords the husband."
The Court in that case aptly cited from Cooley on Torts (3 ed.), 477: "Upon principle, this right in the wife is (15) equally valuable to her as property, as is that of the husband to him. Her right being the same as his in kind, degree, and value, there would seem to be no valid reason why the law should deny her the redress which it affords to him. . . . The gist of the action is the loss of consortium, which includes the husband's society, affection, and aid."
And also uses this language: "There can be no reasonable contention but that the wife suffers the same injury from the loss of consortium as the husband suffers from that cause. His right is not greater than hers. Each is entitled to the society and affection of the other. The rights of both spring from the marriage contract, and in the very nature of things must be mutual, and while this was always true of the marriage relation, yet there was a time in the history of our jurisprudence when the legal status of the wife was *Page 16 
such that she could not, at common law, maintain an action of this character. Now her legal status is the same as that of her husband. She has the same right to the control of her separate property, the same right to sue in her own name, and, in a word, is in the full enjoyment of every right that her husband enjoys, so that she has come clearly within the principles of the common law that allow a right of action by the husband for damages for the loss of the consortium of his wife. Either we must hold that the common law is fixed, unchangeable, and immutable, that it possesses no such flexibility as will permit its ready adaptability to changing conditions of human affairs, or that when every reason and every theory for denying the wife the same rights as the husband has entirely disappeared from our jurisprudence, that she is now equally entitled with her husband to every remedy that the common law affords, and we have no hesitation in adopting the latter view."
To the same purport is Jaynes v. Jaynes, 39 Hun. (N.Y.) 40. The plaintiff's counsel adds: "Why should the husband be allowed a recovery in cases of this character and the wife, who suffers in the identical same way, be denied a recovery? They stand before the same altar; they enter into the same contract." Necessarily their rights are the same at the bar of justice.
In Bernhardt v. Perry, 276 Mo. 612, in discussing this identical question, it was said by the able Chief Justice Bond of that Court as follows in speaking of the rights of the wife: "She could have had no recovery when she occupied the status of a married woman at common law; for then her legal existence was merged in that of her husband. But under the Married Woman's Acts in this State, beginning in 1875, and culminating in 1889, with slight amendments thereafter, a wife is to all intents and purposes a legal (16) entity distinct from her husband, and capable of contracting and being contracted with and suing and being sued, as fully as if she were an unmarried woman and sui juris. While the principles of the common law previous to her statutory emancipation debarred the wife from any legal redress in cases like the present, they nevertheless recognized fully the injury to her personal rights caused by the acts set forth in the petition, and they affirmed such rights to be the same as those which the husband would have been deprived of had the injury in question been inflicted upon the wife (Flandermeyer v. Cooper, 85 Ohio St. 327;Holleman v. Harward, 119 N.C. 150); and, though sanctioning a full right to recover in such cases on the part of the husband, they denied it to the wife, although an equal sufferer, because feudalism had decreed that she was a legal nonentity and incapable of *Page 17 
maintaining any action for the violation of her rights as a wife caused by wrongful injuries inflicted upon her husband."
Further he says: "The injury suffered by a husband from the loss of the consortium of his wife is no more direct or immediate than that sustained by her from the loss of his society, aid, and affection. Hence, there is no logical basis for the reason upon which some of the adverse rulings are based, that in such cases the injury sustained by the wife is not directly and proximately caused by the wrongful act preventing her husband from giving her the means of a livelihood, which it is his duty to provide, and from performing his conjugal duties."
And again: "The reasons given in the decisions against the right of a wife to recover from the material injury inflicted on her by a negligent act destroying the power of her husband to labor for her support, and thereby imposing upon her the task of supporting him, and which renders him unable to perform the duties of a consort, are utterly inadequate to support the conclusions reached. It will be noted in all of these cases that they are rested upon the lack of suable capacity of the wife, or upon the rules of the common law disabling her as against her husband to acquire title to the money awarded as damages for wrongful injury to him, wherefore the hobgoblin of a foolish consistency impelled the common law to adjudge she could not recover for an injury to her personal rights so caused, since the instant a recovery was had it would belong to the husband. Neither of these reasons can exist under the specific provisions of the law governing married women; for, as has been shown, the wife may now sue as a feme sole, and the awards of any violation of her personal rights belong to her, and not to the husband."
It is true that these citations from the distinguished Chief Justice are in a dissenting opinion (in which Judge Williams concurred), but the decisions in other Courts than ours are not authority and are entitled only to the persuasive weight given them on account of the force and correctness of the reasoning (17) therein, and therefore if there is correct and forceful reason in a dissenting opinion from another state it should command exactly the same consideration as if it were made in the majority opinion.
One of the chief grounds for the plaintiff's recovery is the loss of consortium which was formerly pleaded by the phrase, "per quod consortiumamisit." This formerly lay only in behalf of the husband, but now the term has been extended to give the wife, and with more reason, the same ground of action. The present state of the law is thus fully stated under the heading of Consortium, 12 Corpus Juris 532, with full citations in the notes. *Page 18 
"In its original application the term was used to designate a right which the law recognized in a husband, growing out of the marital union, to have performance by the wife of all those duties and obligations in respect to him which she took upon herself when she entered into it; the right to the conjugal fellowship of the wife, to her company, cooperation, and aid in every conjugal relation; fellowship and assistance of the wife; comfort in her society in that respect in which a husband's right is peculiar and exclusive; conjugal society, affection and assistance of the wife. The term, however, has developed to include the right of the wife to the society and comfort of the husband, and is now used interchangeably to denote the affection, aid, assistance, companionship and society of either spouse; and as thus employed the term has been defined as those duties and obligations which by marriage both husband and wife take upon themselves toward each other in sickness and health, conjugal affection; conjugal fellowship; conjugal society and assistance; the conjugal society arising by virtue of the marriage contract; the consort's affection, society, or aid; the person, affection, assistance and aid of the spouse. Loss of services as well as society and affection is included in the legal meaning of the loss of consortium."
There are decisions from other courts denying the relief to the wife in cases of this character. Such decisions are necessarily dependent upon two factors: (1) The legislation in reference to the rights of married women in the particular jurisdiction; (2) the attitude of the court in giving either a liberal or restricted construction to new legislation of the nature of that in this State. As was well said by Chief Justice Bond in the above case, "So prone are the courts to cling to consuetudinary law, even after the reason for the custom has ceased or become a mere memory, that it has required hundreds of years to obtain the meed of justice for married women."
The reasons formerly advanced for a denial to the (18) wife of a recovery for damages sustained by her as a direct result of the injury to him and which are over and above and distinct from the damages which could be recovered by the husband in an action by himself were threefold:
1. The merger of her identity into that of her husband.
2. Her incapacity to sue.
3. The right of her husband to recover full damages for his diminished earning capacity, with no corresponding right possessed by her.
Neither of the first two grounds are now valid in this State. It is urged, however, that the plaintiff after he had obtained a *Page 19 
recovery is presumed to have obtained full pecuniary compensation for all the injuries sustained by him, and of course if he failed to recover, no action can be maintained by the wife. This proposition is correct if the action of the wife is for the damages for which the husband could maintain an action, but the facts as admitted by this demurrer are that he was injured by the negligence of the defendants and that the wife sustained damages which, though flowing from the injuries to her husband, are purely injuries to herself and for which the husband could not have maintained an action. She is therefore not barred by the judgment, favorable or unfavorable, in the action brought by her husband. A judgment in an action is not effective as a bar or estoppel in any other action unless between the same parties and for the same cause of action. The present action is not between the same parties nor for the same cause of action as in the litigation between the husband and the defendants.
It has always been held that the husband's action for damages sustained by him on account of injuries to her is not barred by judgment in favor of the same defendant in an action brought by the wife. See cases cited in the notes to 2 A.L.R. 592. Of course the reverse of the proposition is true; 13 R.C.L. 461.
As already stated, the rights which the wife is asserting in this action are entirely separate and distinct from the grounds of recovery asserted by the husband in his action. In paragraph 12 of the complaint is the following allegation which is admitted by the demurrer to be true, "That by reason of the sudden and fearful injury of her husband, as above stated, and by reason of being forced to look upon him in his horribly mutilated condition, she was shocked and frightened to such an extent that her entire nervous system was impaired and undermined and left permanently injured and weakened, and her physical and mental condition was permanently injured and impaired."
In Kimberly v. Howland, 143 N.C. 398, the Court said: "We think the general principles of the law of torts support a right of action, for physical injuries resulting from negligence, whether willful or otherwise, none the less strongly because (19) the physical injury consists of a wrecked nervous system instead of lacerated limbs." This was cited and approved by Walker, J., in May v. Tel. Co., 157 N.C. 422.
While the wife cannot recover for any damages for which the husband might have recovered (or his personal representative in the case of a wrongful death), we think that she could recover for those injuries which were sustained by her and which being personal to her for which the husband could not have recovered in *Page 20 
his action. 15 A. E. (2 ed.) 861, which is cited May v. Tel. Co.,157 N.C. 423.
We will not go more fully into the elements of damages which can be considered by the jury when the action goes back for a new trial.
It is objected by the defendant in this case that if such action can be maintained by the wife that it can be sustained on the part of the children or other dependent relatives. That plea has never been found good when the action has been brought by the husband, and of course it cannot avail when the action is by the wife upon the same state of facts. The wife's cause of action arises from the nature of the relationship created by the contract of marriage as now recognized by our Constitution and the laws replacing the former status under which, by the common law, the husband was the sole personage. Such plea has not been held valid in an action for crim con, or for alienation of affections or in any other case in which an action by either husband or wife has been brought for injury to the plaintiff (whether husband or wife) which were personal to the plaintiff therein and for which the other party could not maintain an action. It does not depend upon the fiction of loss of services of the other party to the marriage, but is based upon the ground that the party bringing the action (whether husband or wife) has been directly injured by the wrongful conduct of the defendant.
It is sufficient to say that the plaintiff has a cause of action for those injuries which were sustained by her and which are personal to herself and the direct and not the remote consequences of the negligence of the defendants, which is admitted by the demurrer in this case and the judgment overruling the demurrer must therefore be
Affirmed.
ALLEN and STACY, JJ., concur in result.
Cited: Manning v. R. R., 188 N.C. 663; Hinnant v. Power Co.,189 N.C. 127; Eaton v. Doub, 190 N.C. 16; McDaniel v. Trent Mills,197 N.C. 343; Meacham v. Larus Bros., 212 N.C. 648. *Page 21 
(20)