MYRTLE A. McDANIEL v. TRENT MILLS, INC.

(Filed 12 June, 1929.)

**1. Husband and Wife B c—Wife may recover moneys expended by her by reason of negligent injury to husband in her action against tort-feasor.**

A wife may recover from one who has negligently injured her husband such moneys as she has been required to pay from her separate estate by reason of his sickness or incapacity so caused, but she may not recover for nursing him, or loss of consortium, or mental anguish, or loss of support and maintenance, or for damages he or his personal representative might recover in an action against the *tort-feasor.*

**2. Pleadings D c—Demurrer admits allegations of complaint.**

A demurrer to a complaint on the grounds that a cause of action is not stated therein merely tests its sufficiency to allege a good cause of action, and admits the truth of its allegations for the purposes of the demurrer.

CONNOR, J., dissents.

APPEAL by defendant from *Daniels, J.,* at Chambers, New Bern, N. C., 15 February, 1929. From JONES.

Civil action, brought by plaintiff, wife of C. S. McDaniel, in her own right, to recover damages alleged to have been sustained by her as a proximate result of the negligence of the defendant in inflicting serious and permanent injuries upon her husband while he was engaged in the discharge of his duties as an employee of the defendant.

Plaintiff alleges that she was living with her husband at the time of his injury; that she has continued to live with him ever since; and that in consequence of the defendant's negligence, which caused serious and permanent injury to her husband, she has suffered damages as follows (1) Heavy expenses incurred and paid by her, made necessary by her husband's injuries; (2) services performed in nursing and caring for him; (3) loss of support and maintenance; (4) loss of consortium; (5) mental anguish.

A demurrer was interposed by the defendant upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and that in reality no cause of action exists in favor of the plaintiff and against the defendant.

From a judgment overruling the demurrer the defendant appeals, assigning error.

*McKinnon Carmichael and Warren & Warren for plaintiff.*
*J. Laurence Jones and Guion & Guion for defendant.*

Stacy, C. J. The appeal presents the single question as to whether a wife, who is living with her husband, can maintain an action, in her own right, for damages of any kind, alleged to have been sustained by her, on account of serious and permanent injuries negligently inflicted upon her husband by a third party. We think so. *Hinnant v. Power Co.,* 189 N. C., 120, 126 S. E., 307; *Hipp v. Dupont,* 182 N. C., 9, 108 S. E., 318.

But she can recover nothing in her own right which her husband could recover or which his personal representatives could recover in case his death resulted from the injury. *Hipp v. Dupont, supra.*

Nor can she recover for services performed by her in nursing and caring for her husband *(Chicago, etc., Transit Co. v. Moore,* 259 Fed., 490) ; or for loss of consortium or mental anguish *(Hinnant v. Power Co., supra);* or for loss of support and maintenance *(Craig v. Lumber Co.,* 189 N. C., 137, 126 S. E., 312).

But when a wife, living with her husband, has been impelled, through the natural and ordinary considerations of family life, to expend money out of her own personal estate, as a proximate result of a negligent injury inflicted upon her husband by a third person, and for which neither he nor his personal representatives can recover, as plaintiff alleges in the instant case, we see no valid reason for holding, as against a demurrer, that the complaint does not state facts sufficient to constitute a cause of action in plaintiff's favor and against the *tort-feasor. Hipp v. Dupont, supra.* The family in its integrity has been the foundation, as well as the bulwark, of American institutions from the beginning of our history. In fact, it is the very cradle of civilization, with the future welfare of the commonwealth dependent, in large measure, upon the success of its administration. Hence, when a wife, under such impulsion and in obedience to its command, comes to the aid of her husband with the expenditure of her separate funds, she is not to be regarded as a volunteer, but as one acting within her conjugal rights, and it is but meet that, under such circumstances, the wrongdoer, who has forced her to part with her means, should respond in damages to the extent of the reasonable obligations thus assumed and paid by her as a direct result of his tortious acts.

While the common-law principle of unity of husband and wife and the modern doctrine of complete duality of personalities may clash somewhat in yielding to this result, still, we think, the conclusion is supported by the logic of life, if not by the logic of syllogism; and it should be remembered that law is bigger than logic, life is bigger than law, and the function of judicial decision is to state, as near as possible, in terms of law, the meaning of life in action. This middle course, as it

may be called, is perhaps a hybrid between the old and the new doctrines just mentioned, or a mixture of the two, but, if so, it comes from holding fast to that which is good in the old and pressing forward to that which is helpful in the new, a practice heretofore commended by an authority on domestic relations, a great lawyer, and one of the apostles.

We are not now concerned with whether the plaintiff can make good her allegations with proof. The case is here on demurrer, the office of which is to test the sufficiency of the complaint, admitting, for the purpose, the truth of the allegations of fact contained therein. *Brick Co. v. Gentry,* 191 N. C., 636, 132 S. E., 800; *Justice v. Sherard, ante,* 237. Affirmed.

Connor, J., dissents.