HOLLIS HELMSTETLER v. DUKE POWER COMPANY.

(Filed 3 January, 1945.)

**Husband and Wife §§ 9, 10—**

> When a married woman is negligently injured by the tort of another, her husband cannot maintain an action to recover damages sustained by him through (1) imposed nursing and care, (2) loss of his wife's services, (3) mental anguish, and (4) loss of *consortium.* Under existing law, the injured spouse alone may sue for his or her earnings or damages for personal injuries. G. S., 52-10.

APPEAL by plaintiff from *Olive, Special Judge,* at October Term, 1944, of DAVIDSON.

Civil action by husband to recover damages alleged to have been sustained by him through a negligent injury to his wife.

Plaintiff alleges that in consequence of defendant's negligence, which caused serious and permanent injuries to his wife, Irma Helmstetler, when her automobile collided with defendant's bus in the city of Winston-Salem on 2 February, 1944, he has "nursed her, looked after and cared for her . . . and he is advised . . . he will have to continue to nurse and care for her as long as she lives"; that he has been required to give up his own work and "to take over and carry on her business as

a florist which she operated prior to her said injuries"; that he has endured "physical pain and mental anguish in being forced to observe his wife's sufferings"; and that he has lost "the companionship and *consortium* of his wife and has partly been deprived of her society, services, aid and comfort." It is further alleged that plaintiff and his wife have been married and have lived together for many years and have enjoyed reasonably good health until the injuries of which he now complains.

The defendant filed answer, denied the allegations of negligence, and pleaded the wife's contributory fault and that she has since secured judgment for all damages, sustained by her, at the June Term, 1944, which judgment has been paid.

When the instant case was called for trial, the defendant interposed a demurrer *ore tenus* to the complaint on the ground that it·does not state facts sufficient to constitute a cause of action, maintainable by the plaintiff in his own right.

From judgment sustaining the demurrer and dismissing the action, the plaintiff appeals, assigning errors.

*Don A. Walser for plaintiff, appellant.*

*Womble, Carlyle, Martin & Sandridge and Phillips & Bower for defendant, appellee.*

STACY, C. J.　When a married woman is negligently injured by the tort of another, can her husband maintain an action to recover damages sustained by him through (1) imposed nursing and care, (2) loss of his wife's services, (3) mental anguish, and (4) loss of *consortium?*

The earlier decisions, grounded on the common law, would answer in the affirmative. *Holleman v. Harward,* 119 N. C., 150, 25 S. E., 972, 56 Am. St. Rep., 672, 34 L. R. A., 803; *Kimberly v. Howland,* 143 N. C., 398, 55 S. E., 778, 7 L. R. A. (N. S.), 545; *May v. Tel. Co.,* 157 N. C., 416, 72 S. E., 1059, 37 L. R. A. (N. S.), 912; *Bailey v Long,* 172 N. C., 661, 90 S. E., 809, L. R. A., 1917-B, 708; Anno. 21 A. L. R., 1517; Anno. 133 A. L. R., 1156; 27 Am. Jur., 100, *et seq.;* 41 C. J. S., 897, *et seq.*

In 1913, however, the General Assembly adopted the Married Women's Act, G. S., 52-10, which provides that the earnings of a married woman by virtue of any contract for her personal services, and any damages for personal injuries, or other tort sustained by her, can be recovered by her suing alone, and such earnings or recovery shall be her sole and separate property as fully as if she had remained unmarried.

To what extent this statute has abridged the husband's common-law right of action to recover damages sustained by him through injuries negligently inflicted on his wife has not heretofore been considered,

except obliquely perhaps in the cases of *Hinnant v. Power Co.,* 189 N. C., 120, 126 S. E., 307, and *McDaniel v. Trent Mills,* 197 N. C., 342, 148 S. E., 440, where, in each case, the wife was seeking to recover damages sustained by her through injuries negligently inflicted on her husband. *Boden v. Del-Mar Garage,* 205 Ind., 59; Anno. 5 A. L. R., 1049; 13 A. L. R., 1333; 18 A. L. R., 882; 37 A. L. R., 897; 59 A. L. R., 680; 27 Am. Jur., 113.

Nor are we presently concerned with an action where the alleged tort consists in the wrongful destruction or impairment of *consortium,* intentionally inflicted, such as alienation ˙of affections, crim. con., assault and battery against the wife, malicious prosecution or defamation of her character. 27 Am. Jur., 99 and 107.

Similar legislation in other jurisdictions has resulted in divergent views as to its effect. Some· courts hold that the husband's common-law right of action *per quod consortium amisit* is not destroyed by the Married Women's Act, and that he may still recover, at least, for certain elements of damage. 27 Am. Jur., 101. Other courts hold that under this legislation a husband can no longer recover for loss of *consortium* sustained by him through a negligent injury to his wife. Anno. 21 A. L. R., 1527; 151 A. L. R., 479.

This then brings us to a consideration of the scope and effect of the Married Women's Act of 1913. It should be read in the light of Art. X, sec. 6, of the Constitution which protects a married woman in the sole ownership of her property,· and also in connection with the Martin Act of 1911, G. S., 52-2, which seeks to secure to her the free use of her property. *Martin v. Bundy,* 212 N. C., 437, 193 S. E., 831. See *Buford v. Mochy, ante,* 235.

Initially, it will be noted that by the terms of the statute, a married woman is to have the earnings arising from "any contract for her personal services." *Patterson v˙ Franklin,* 168 N. C., 75, 84 S. E., 18. This clearly gives to her any wages earned outside the home, but plaintiff says it would not include services rendered in the household. *˙Price v. Electric Co.,* 160 N. C., 450, 76 S. E., 502. Replying, the defendant says the household duties were included within the husband's common-law right to his wife's earnings, and as this right has now been transferred to the wife, no cause of action exists for the lesser and incidental right. Authorities elsewhere may be cited in support of either view. Anno. 151 A. L. R., 479; 27 Am. Jur., 101-102.

Next, the married woman is given "any damages for personal injuries or other tort sustained by her." What are the damages recoverable by her in an action for personal injuries or other tort? These are understood to embrace indemnity for entailed nursing and care, medical expenses, loss of time, loss from inability to pursue avocation or to per-

form labor, and loss from diminished capacity to earn money. The measure of recovery is reasonable satisfaction for loss of both bodily and mental powers, and for actual suffering, both of body and mind, which are the immediate and necessary consequences of the injury. In short, it is such as will make the plaintiff whole or compensate her fully for all injuries sustained by her, past, present and prospective. *Ledford v. Lumber Co.,* 183 N. C., 614, 112 S. E., 421; *Price v. Electric Co., supra.* Of course, the present-worth rule would be applicable to any prospective loss. *Daughtry v. Cline, ante,* 381.

In *Kirkpatrick v. Crutchfield,* 178 N. C., 348, 100 S. E., 602, where a married woman was suing in tort for personal injuries, it was said: "This Court has repeatedly held that 'damages for personal injury include actual expenses for nursing, medical services; also loss of time and of *earning capacity* and mental and physical suffering.' *Wallace v. R. R.,* 104 N. C., 442; *Rushing v. R. R.,* 149 N. C., 158; *Ridge v. R. R.,* 167 N. C., 510."

It follows, therefore, that a married woman is now entitled to recover in tort for all pecuniary loss sustained by her, including nursing and care, and loss from inability to perform labor or to carry on her household duties. The statute provides for such recovery in an action by her suing alone, which is to be her sole and separate property as fully as if she had remained unmarried. This transfers to the wife, the husband's common-law right of action to recover for her services and for imposed nursing and care occasioned by the tort of another. *Shore v. Holt,* 185 N. C., 312, 117 S. E., 165; *Dorsett v. Dorsett,* 183 N. C., 354, 111 S. E., 541; *Rodgers v. Boynton,* 315 Mass., 279, 52 N. E. (2d), 576, 151 A. L. R., 475. Under existing law, the injured spouse alone may sue for his or her earnings or damages for personal injuries.

There remains to be considered the allegations of mental anguish and loss of *consortium.* We have followed those jurisdictions in which it is held that no cause of action for loss of *consortium* survives the transfer or destruction of the husband's common-law right of action to recover for his wife's services, and that without such cause of action, there is none for mental anguish. *Hinnant v. Power Co., supra; Craig v. Lumber Co.,* 189 N. C., 137, 126 S. E., 312; Anno. 21 A. L. R., 1517; 133 A. L. R., 1156; 151 A. L. R., 479.

If no cause of action for loss of *consortium* or mental anguish may be maintained by a married woman on account of injuries negligently inflicted on her husband, and we have so held in *Hinnant's case, supra,* then it would seem that no such right of action should exist in favor of the husband, since he can no longer sue to recover his wife's earnings or damages for torts committed on her. *Golden v. Greene Paper Co.,* 44 R. I., 231, 116 Atl., 579, 21 A. L. R., 1514; *Marri v. Stamford St. R.*

*Co.,* 84 Conn., 9, 78 Atl., 582, 33 L. R. A. (N. S.), 1042, Ann. Cas. 1912-B, 1120; *Whitcomb v. N. Y., N. H. & H. R. Co.,* 215 Mass., 440, 102 N. E., 663; *Blair v. Seitner Drug Goods Co.,* 184 Mich., 304, 151 N. W., 724, L. R. A., 1915-D, 524, Ann. Cas., 1916-C, 882; *Jacobson v. Fullerton,* 181 Iowa, 1195, 165 N. W., 358; *Clark v. Southwestern Greyhound Lines,* 144 Kan., 344, 58 Pac. (2d), 1128. The two now stand on a parity in respect of such suits. *Hipp v. Dupont,* 182 N. C., 9, 108 S. E., 318. Either may recover for his or her own injury, including all damages immediately and necessarily incident thereto, but neither may recover for the injury of the other. *Hipp v. Dupont, supra.* The effect of the legislation on the subject is to equalize the legal status of husband and wife, and to deny to each any overlapping recovery on account of the other's loss or injury.

It is true a husband is still under the duty to support his wife, and he is entitled to such services as she may choose to perform, and to her aid, comfort, society and companionship, which the law regards as the full equivalent of support and like aid, comfort, society and companionship on the part of the husband. *Dorsett v. Dorsett, supra; Kirkpatrick v. Crutchfield, supra.* But if the legislative intent of equality is to prevail, the same cause of action which is denied to the wife may not be retained or preserved to the husband. 27 Am. Jur., 102 and 113. This would seem to accord with the intent and purpose of the statutes as interpreted in the *Hinnant case, supra.* There it was said: "By virtue of these statutes, the husband is deprived of such rights as he may have had at common law in the special benefits thus conferred upon the wife." See Anno. 151 A. L. R., 501; *Boden v. Del-Mar Garage, supra.*

It is not alleged that the plaintiff has expended any of his own funds in consequence of the injuries negligently inflicted on his wife. *McDaniel v. Trent Mills, supra.*

Affirmed.