PEARL B. SEAGRAVES

*v.*

ETHEL LEGG, *et al.*

(No. 12167)

Submitted September 11, 1962.    Decided October 16, 1962.

332

*James E. Maroney*, for appellant.

*Jackson, Kelly, Holt & O'Farrell, W. T. O'Farrell, R. K. Kelly*, for appellees.

BERRY, JUDGE:

This is a civil action instituted in the Circuit Court of Kanawha County by Pearl B. Seagraves, plaintiff, against Ethel Legg and Paula Campbell, an infant, defendants. The complaint alleges that on July 6, 1961, the defendant Ethel Legg was the owner of a motor vehicle which was operated by the defendant Paula Campbell when it was negligently driven into a motor vehicle operated by Willie C. Seagraves, the husband of the plaintiff Pearl B. Seagraves; that because of such negligence on the part of the defendants the husband of the plaintiff was injured, resulting in loss of consortium by the plaintiff of her husband, Willie C. Seagraves, and as a result thereof, the plaintiff demands damages in the amount of $5000.00.

The defendants filed a motion to dismiss this action on the ground that under the laws of the State of West Virginia a married woman does not have a cause of action for the loss of consortium of her husband. This motion was later amended by the defendants with the request to dismiss the motion on the ground that "By virtue of the law of the State of West Virginia a married woman has no cause of action for the loss of the consortium of her husband caused by the negligence of a defendant or defendants." The trial court sustained the amended motion of the de-

fendants to dismiss, and entered a judgment dismissing the action on December 28, 1961, to which judgment an appeal was granted by this Court on March 26, 1962.

The only issue in this case is whether, under the laws of this State a married woman has a cause of action for the loss of consortium of her husband caused by the negligence of the defendants. This is a case of first impression in this State.

It has been held that in West Virginia, as well as in most of the other states, a wife can maintain an action for alienation of affection which in effect involves loss of consortium, as well as other elements of damages. *Grose* v. *Grose,* 70 W. Va. 317, 73 S. E. 961; *Kuhn* v. *Cooper,* 141 W. Va. 33, 87 S. E. 2d 531.

An action for alienation of affection is based on a direct and intentional wrong, and is entirely different from the question presented in the case at bar as to whether or not the wife has a cause of action for the loss of consortium of her husband resulting from negligence on the part of the defendants. *Hinnant* v. *Tide Water Power Co.,* 189 N. C. 120, 126 S. E. 307.

The weight of authority regarding the question presented in the instant case is that a wife cannot sue for the loss of consortium of her husband caused by negligence. This rule is clearly and succinctly contained in the lead statement pertaining thereto in 41 C.J.S., Husband and Wife, §404, wherein it is stated: "In the absence of statute, a wife has no cause of action for any loss sustained by her, including loss of consortium, in consequence of personal injuries inflicted on the husband."

There are only about seven states that have held otherwise, and it would appear that these states do not have the same constitutional and statutory provisions as we have in this state.

The cases that have allowed the wife to recover for loss of consortium of her husband, based on the negligent act of the defendant, have been in relative confusion. The first American case we have found to allow such recovery is a

North Carolina case, decided in 1921, *Hipp* v. *E. I. Dupont De Nemours* 182 N. C. 9, 108 S. E. 318, 18 A.L.R. 873. However, four years later, it was in effect overruled by the case of *Hinnant* v. *Tide Water Power Co.,* 189 N. C. 120, 126 S. E. 307, 37 A.L.R. 889. It was indicated by the court in the *Hinnant* case that the *Hipp* case had confused the right of recovery in such cases based on direct and intentional wrong, such as alienation of affection or criminal conversation, with such loss of consortium caused by negligence. It was held that an action will lie and a recovery will be allowed where such action is based on intentional wrong, but not where it is based on negligence. *Hinnant* v. *Tide Water Power Co., supra.*

The next case holding that a wife can recover for negligent loss of consortium of her husband, which was decided without any authority therefor in 1950, is the case of *Hitaffer* v. *Argonne Co.,* C. A. 183 F. 2d 811, 87 U. S. App. D. C. 57, 23 A.L.R. 2d 1366, cer. den. 71 S. Ct. 80, 340 U. S. 852, 55 L. Ed. 624. However, this case also involved a Federal Workmen's Compensation Act, and the same Court, about seven years later, in the case of *Smither and Company, Inc.* v. *Coles,* 242 F. 2d 220, 100 U. S. App. D. C. 68, held that an action for loss of consortium was excluded by the District of Columbia Compensation Act, which ruling was followed by the Fifth Circuit Court of Appeals in 1960 in the case of *Thibodeaux* v. *McDermott & Co.,* 276 F. 2d 42. These later rulings were based on the ground that the Federal Compensation Act (Longshoremen's and Harbor Workers' Compensation Act) provided an exclusive remedy in such cases. The decisions in these cases are based on a Federal Statute, and cannot be considered as authority one way or another with regard to a wife having a cause of action at common law for the loss of consortium of her husband where loss was the result of a third party's negligence.

The case of *Cooney* v. *Moomaw,* 109 F. Supp. 448, decided by a Federal District Court of Nebraska, held that the Courts of Nebraska had not ruled on this matter, but that the wife could recover for the negligent loss of consortium of her husband because that is what the law ought to be in

that State. However, the Circuit Court of Appeals for the Eighth Circuit, in the case of *Luther* v. *Maple,* 250 F. 2d 916, decided in 1958, stated that inasmuch as the State of Nebraska had not ruled on the matter, it did not know what the law in Nebraska was in connection therewith. The last case decided by the Federal Court dealing with this question in the State of Nebraska is the case of *Guyton* v. *Solomon Dehydrating Co.,* 302 F. 2d 283, decided in 1962, in which it was held that a wife had a cause of action for the negligent loss of consortium of her husband in the State of Nebraska on appeal dealing with said matter from a District Court, on the ground that the District Judge in 1962 should not overrule the preceding District Judge's ruling on this matter.

The California case of *Gist* v. *French,* 288 P. 2d 1003, 136 C. A. 2d 247, cited by the plaintiff in her brief as authority for a wife to recover for the loss of consortium of her husband, was an action by both the husband and the wife against a doctor for malpractice, and did not turn on the principle involved in the case at bar. However, the opinion indicated that either spouse had the right to recover for loss of companionship and affection of the other. But when the question involved in the case at bar squarely arose in the State of California, in the case of *Deshotel* v. *Atchison, T. & S. F. Ry. Co.,* 50 Cal. 2d 664, 328 P. 2d 449, it was held that a wife had no cause of action and could not recover for the negligent loss of consortium of her husband.

In Arkansas, Delaware, Illinois, Iowa, Michigan, Pennsylvania and South Dakota, the Courts have indicated that the wife has a cause of action for negligent loss of consortium of her husband, apparently as a result of their Married Woman's Act giving the wife the right to sue in her own right and for the reason that any rule to the contrary was judge made and could be changed by judges.

Georgia has apparently been uncertain regarding its position on this question. In the case of *McDade* v. *West,* 80 Ga. App. 481, 56 S. E. 2d 299, the Court of Appeals of Georgia was equally divided on the question as to whether or not the wife had the right to sue for the loss of consortium of

her husband due to negligence. But in the case of *Brown v. Georgia-Tennessee Coaches, Inc.,* 88 Ga. App. 519, 77 S. E. 2d 24, the Georgia Court of Appeals held that the wife had a cause of action for the loss of consortium of her husband. In a later Georgia case, *Louisville and Nashville Ry. Co.* v. *Lunsford,* 116 S. E. 2d 232, it was held that a wife did not have such right, but the decision in this case involved the Federal Employers' Liability Act and it was held that the Act excluded such action.

Apparently these states do not have the same constitutional and statutory provisions as West Virginia, and are not committed by their constitution and statutory law to follow the common law unless it is changed, altered or repealed by the legislature, as is West Virginia. *Holt* v. *Otis Elevator Co.,* 78 W. Va. 785, 90 S. E. 333, L.R.A. 1917A 1194; *Poling* v. *Poling,* 116 W. Va. 187, 178 S. E. 604; *State ex rel Continental Coal Co.* v. *Bittner,* 102 W. Va. 677, 136 S. E. 202, 49 A.L.R. 968; *Shifflette* v. *Lilly,* 130 W. Va. 297, 43 S. E. 2d 289; *State* v. *Arbogast,* 133 W. Va. 672, 57 S. E. 2d 715; *Walker* v. *Robertson,* 141 W. Va. 563, 91 S. E. 2d 468.

It is the contention of the plaintiff that the denial to her of the cause of action for negligent loss of consortium of her husband in the case at bar denies her a right granted her husband and therefore is a violation of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. This position is not well taken when considered in the light of the provisions contained in the Constitution of this State preserving the common law, coupled with the fact, which is not controverted even in the cases expressing the minority view, that the wife has no cause of action for such loss of consortium at common law. Our Legislature has not enacted any law giving her such cause of action, which is necessary under the constitution and statutory law of this state before a wife can have a cause of action for loss of consortium of her husband due to injuries caused by negligence.

There was no action at common law allowed to a wife for loss of consortium of her husband due to negligence of a third party. 3 Blackstone's Commentaries, 143; *Ripley* v.

*Ewell,* (Fla.) 61 So. 2d 420; *Smith* v. *United Construction Workers,* (Ala.) 122 So. 2d 153. The husband did have the right to sue for the loss of his wife's consortium at common law. See *Shreve* v. *Faris,* 144 W. Va. 819, 111 S. E. 2d 169. However, this right was based on the theory that the wife was a chattel, or property of the husband. 3 Blackstone's Commentaries, 143; *Hipp* v. *E. I. Dupont De Nemours & Co., supra.* The Married Women's Acts have completely eliminated this "chattel" theory and allow married women to sue in their own right on contracts and for wrongs the same as if they were not married, and they are no longer looked upon as mere property of the husband. Although there was no common law right for such loss of consortium on the part of the wife and the Married Women's Acts do not specifically provide for such cause of action, they would apparently abolish the reason for the cause of action given to the husband at common law for the loss of consortium of his wife, because it is now well recognized that a wife is not merely a property right of the husband and she may sue and be sued without joining her husband. Some courts hold that by virtue of the Married Women's Acts a husband can no longer recover for loss of consortium sustained by him through a negligent injury to his wife. Anno. 21 A.L.R. 1527; 151 A.L.R. 497; *Helmstetler* v. *Duke Power Co.,* 224 N. C. 821, 32 S. E. 2d 611.

As heretofore stated, there was no such action at common law, and it has been repeatedly held in this state that under the provisions of Article VIII, Section 21, of the Constitution of the State of West Virginia, and Code, 2-1-1, the common law prevails unless changed by statute. *Holt* v. *Otis Elevator Co., supra; Poling* v. *Poling, supra; State* v. *Bittner, supra; Shifflette* v. *Lilly, supra; State* v. *Arbogast, supra; Walker* v. *Robertson, supra.*

Article VIII, Section 21 of the Constitution of the State of West Virginia, reads as follows: "Such parts of the common law, and of the laws of this State as are in force when this article goes into operation, and are not repugnant thereto, shall be and continue the law of the State until altered or repealed by the Legislature." In Code, 2-1-1, the following language appears: "The common law of England,

so far as it is not repugnant to the principles of the Constitution of this State, shall continue in force within the same, except in those respects wherein it was altered by the general assembly of Virginia before the twentieth day of June, eighteen hundred and sixty-three, or has been, or shall be, altered by the legislature of this State."

It is clear, from the constitutional provisions and the statute pertaining thereto, that the legislature has the power to change the common law, and inasmuch as it has not done so in connection with the question involved in this case, the common law relating thereto remains the law of this State. *Holt* v. *Elevator Co., supra; State* v. *Bittner, supra; Poling* v. *Poling, supra; Shifflette* v. *Lilly, supra; State* v. *Arbogast, supra; Wright* v. *Davis,* 132 W. Va. 722, 53 S. E. 2d 335.

Recent cases decided in which similar statutory provisions as we have in this State are involved and considered have consistently held that a wife whose husband is injured by the negligent act of a third person may not maintain an action for loss of consortium of her husband against a tortfeasor. *Ripley* v. *Ewell,* (Fla.) 61 So. 2d 420; *Smith* v. *United Construction Workers,* (Ala.) 122 So. 2d 153.

For the reasons enunciated in this opinion, the judgment of the Circuit Court of Kanawha County is affirmed.

*Affirmed.*