SARA COZART AND T. MORRIS COZART v. MARVIN E. CHAPIN, D.D.S.

No. 7710SC200

(Filed 7 February 1978)

**Husband and Wife § 9— action for loss of consortium**

A married man cannot maintain an action for loss of consortium when his wife is negligently injured by another; nor does he have a right of action for loss of consortium when injuries to the wife are intentionally inflicted unless the wrongful conduct directly and intentionally deprived the husband of the consortium of the wife.

APPEAL by plaintiff T. Morris Cozart from *Braswell, Judge.* Order entered 17 January 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 16 January 1978.

The *feme* plaintiff instituted this action against defendant, a practicing dentist in Raleigh, for injuries sustained as a result of the negligence of defendant in his diagnosis and treatment of the *feme* plaintiff. As an alternative theory of action, the *feme* plaintiff sought to recover for injuries resulting from an assault and battery upon her person arising out of defendant's treatment.

In conjunction with the *feme* plaintiff's action, the male plaintiff T. Morris Cozart, husband of the *feme* plaintiff, filed a claim for loss of *consortium* flowing from the injuries sustained by the *feme* plaintiff as a result of the alleged, tortious conduct of defendant.

Defendant filed answer denying liability, and moved to dismiss the complaint of plaintiff husband pursuant to Rule 12(b)(6) of the Rules of Civil Procedure. The trial court granted the motion. Plaintiff husband appeals from the trial court's ruling dismissing his claim.

*Crisp, Bolch, Smith, Clifton & Davis, by Joyce L. Davis, for the plaintiff.*

*Smith, Anderson, Blount & Mitchell, by James D. Blount, Jr., for the defendant.*

MARTIN, Judge.

The question posed by this appeal is whether a married man can maintain an action to recover damages for loss of *consortium*

when his wife is negligently injured by the tortious conduct of another.

In the instant case, facts alleged in the pleadings show that the *feme* plaintiff engaged the professional services of defendant for the removal of an impacted wisdom tooth on the lower right side of her mouth. Defendant injected anesthesia in the lower left side of the mouth and upon making an incision on the left side, realized that there was no impacted wisdom tooth on that side. He subsequently anesthesized the lower right side of the *feme* plaintiff's mouth and extracted the tooth. As a result of the injection on the left side, which allegedly struck and damaged a nerve, the *feme* plaintiff now suffers severe paralysis in her lower lip and experiences a numbing and tingling sensation in her lower lip upon any contact therewith.

The trial court dismissed plaintiff husband's action as a matter of law for failure to state a claim upon which relief could be granted. We are constrained to agree with the trial court's ruling.

In *Helmstetler v. Power Co.*, 224 N.C. 821, 32 S.E. 2d 611 (1945), our Supreme Court confronted the precise question before this Court in the instant case and held that when a married woman is negligently injured by the tort of another, her husband cannot maintain an action to recover damages for loss of *consortium*. That Court relied on *Hinnant v. Power Co.*, 189 N.C. 120, 126 S.E. 307 (1925)—a decision denying a married woman's cause of action for loss of *consortium* due to her husband's negligent injury—in which the Court held that no cause of action for loss of *consortium* survived the transfer effected by the Married Woman's Act of a husband's common law right of action to recover for his wife's services. In the face of this mandatory authority—upon which the trial court presumably relied—plaintiff husband vigorously contends that this Court should recognize his right of action. This we cannot do. However compelling the reasons may be to re-examine the accepted law of this State, it is not the province of this Court to overrule decisions of the Court of last resort deliberately rendered after ample consideration.

In the alternative, plaintiff husband contends that our courts have recognized a spouse's right of action for loss of *consortium* where the injuries to his spouse were *intentionally* inflicted. Thus, plaintiff husband argues that his claim is allowable as flow-

ing from the *feme* plaintiff's alternative allegation of assault and battery. We do not believe plaintiff husband's position is supported by the *Hinnant* case upon which he relies. Speaking to the right of action for loss of *consortium* where injuries have been intentionally inflicted, the Court in *Hinnant* held that such right of action existed only when the wrongful conduct directly and intentionally deprived the husband or wife of the *consortium* of the other spouse. The wrongful conduct in the instant case does not satisfy this requirement. In support of this interpretation of the holding in *Hinnant*, we cite language appearing therein upon which that Court relied:

> " 'No case has been brought to our attention, and after an extended examination we have found none, in which an action for a loss of consortium alone has been maintained merely because of an injury to the person of the other spouse, for which the other has recovered, or is entitled to recover, full compensation in his own name, when the only effect upon the plaintiff's right of consortium is that, through the physical or mental disability of the other, the companionship is less satisfactory and valuable than before the injury.' "

Accordingly, we hold that under the existing law of this State, plaintiff husband has failed to state a claim for which relief can be granted.

The ruling of the trial court dismissing plaintiff husband's claim is

Affirmed.

Judges PARKER and ARNOLD concur.