EUNICE NICHOLSON v. HUGH CHATHAM MEMORIAL HOSPITAL, INC. AND DR. RICHARD B. MERLO, M.D.

No. 7815SC1149

(Filed 6 November 1979)

Husband and Wife § 9— action for loss of conjugal rights

Plaintiff wife has no right to recover for the loss of her conjugal rights through the alleged negligent treatment of her husband by defendant physician and defendant hospital.

APPEAL by plaintiff from *Battle, Judge*. Judgment entered 6 September 1978 in Superior Court, ORANGE County.

Plaintiff seeks recovery for the loss of her conjugal rights as a result of the alleged negligence of the Hugh Chatham Memorial Hospital (Hospital) and Dr. Richard B. Merlo (Merlo) in the preparation of plaintiff's husband, Robert E. Nicholson (Nicholson), for the taking of x-rays, and in the taking of x-rays by the defendants. Plaintiff alleged that Nicholson was admitted to the hospital on 9 March 1975 with a condition involving the presence of kidney stones in his body; that diagnostic x-rays were necessary and were ordered to be made under the direction and supervision of Merlo; that as a result of the negligence of the hospital and Merlo, specifically alleged in the complaint, Nicholson was seriously injured in body and mind; that prior to the admission of Nicholson to the hospital, plaintiff enjoyed the love and affection of her husband and reasonably anticipated many more years of conjugal happiness; that as a result of the negligence of the defendants and the resulting injury to

Nicholson, plaintiff's husband has become forgetful, has been weakened physically, has deteriorated mentally, and no longer functions as head of the household and as a marriage partner of the plaintiff; and that the plaintiff has thereby been deprived of her conjugal rights to enjoy her love for her husband to the fullest extent. Each defendant sought dismissal of the complaint under the provisions of Rule 12 of the Rules of Civil Procedure and plaintiff was served with notice of the hearing on the Rule 12 motion. On 6 September 1978, Judge Battle ordered that the action be dismissed upon the motion of the defendants that the complaint fails to state a claim for which relief can be granted. Plaintiff gave notice of appeal.

*Lee W. Settle, by Robert F. Steele; and Latham, Wood and Balog, by Steve A. Balog, for plaintiff appellant.*

*Haywood, Denny & Miller, by George W. Miller, Jr., and Charles H. Hobgood, for defendant appellee, Hugh Chatham Memorial Hospital.*

*Henson & Donahue, by Perry C. Henson, for defendant appellee, Dr. Richard B. Merlo.*

HILL, Judge.

Appellant's single assignment of error challenges the dismissal of her complaint. Upon examination of the record, it is apparent that no exception to the order is set out. That is not necessary, however. G.S. 1A-1, Rule 46(b), indicates that, ". . . it shall be sufficient if a party, at the time the ruling or order is made or sought, makes known to the court his objection to the action of the court . . . ." Rule 10(a) and (b) of the Rules of Appellate Procedure then makes it clear that the exception, because it was properly preserved for review by action of counsel at trial and properly raised in the brief, may be set out in the record on appeal and made the basis of an assignment of error.

Appellant alleges that she has been deprived of her conjugal rights through the negligent treatment of her husband by the defendants and that her allegation states a claim for relief. Appellant seeks to distinguish an action seeking damages for loss of conjugal rights from an action seeking damages for loss of consortium, acknowledging the authority in this state which bars her

recovery for the loss of consortium or mental anguish. *McDaniel v. Trent Mills*, 197 N.C. 342, 148 S.E. 440 (1929); *Hinnant v. Power Co.*, 189 N.C. 120, 126 S.E. 307 (1925). Appellant also attempts to distinguish her own loss of conjugal rights from that loss described by the plaintiff in *Hinnant, supra.*

It is here that appellant makes her strongest argument. In *Hinnant*, the plaintiff sought to recover for the loss of consortium and mental anguish suffered by her during the period between the fatal injury suffered by her husband and his death less than one day later. The court did not allow a recovery. Appellant seeks to distinguish *Hinnant* from her situation in two ways.

First, appellant says that a recovery would have frustrated the intent of the wrongful death statute then in force. A recovery would have allowed the wife to bring an action, thus raising the danger of a double recovery for a wrongful death. Appellant argues that here she is suffering a continuing injury which will not be compensated by a wrongful death action.

Second, appellant argues that the wrongful death statute in force at the time *Hinnant* was decided did not provide for recovery for loss of consortium. The present statute does. Thus, appellant is presented with the situation where she would have an action if her husband were dead, but not if he is permanently injured. Appellant has pointed out an anomaly in the law. However, it is the duty of this court to say what the law is and not what it should be.

Further, plaintiff argues that to fail to recognize a spouse's right to recover for loss of consortium of a spouse negligently injured by a third party is a denial of equal protection of the laws. We reject the contentions of the plaintiff.

Plaintiff has cited *McDaniel, supra,* for the proposition that a wife, who is living with her husband, can maintain an action in her own right for damages alleged to have been sustained by her on account of the serious and permanent injuries negligently inflicted upon her husband by a third party. *McDaniel* approved a recovery by the wife of the expenditure of funds spent by her from her own estate to assist her husband after his injury. These funds, it was alleged, could not be recovered by the husband or his personal representatives. However, plaintiff's complaint con-

tains no allegation which would bring her claim within the holding of *McDaniel*. Her claim is for a loss of conjugal rights, a claim that is specifically set forth by *McDaniel* as an exception to the general rule that case states. While it is true that *McDaniel* specifically excepts recovery for loss of consortium, and appellant here is seeking recovery for a loss of conjugal rights, this Court is not convinced that appellant has made a distinctive claim. Both Black's Law Dictionary 382 (4th ed. 1951), and *Hinnant, supra*, p. 123, define consortium in such a way that conjugal rights must be considered an element of consortium.

*Hinnant, supra*, specifically denied the right of the wife to sue for loss of consortium resulting from the negligent injury to her husband by a third party. That decision was reaffirmed in *Helmstetler v. Power Co.*, 224 N.C. 821, 32 S.E. 2d 611 (1945), and in *Cozart v. Chapin*, 35 N.C. App. 254, 241 S.E. 2d 144, *dis. rev. denied*, 294 N.C. 736, 244 S.E. 2d 154 (1978). The principle articulated by the Supreme Court of North Carolina controls the present case. "Where there is no intentional wrong, the ordinary rule of damages goes no further in this respect than to allow pecuniary compensation for the impairment or injury directly done." *Hinnant, supra*, p. 126.

If plaintiff seeks to have a new right of action created on her behalf, she has addressed the wrong forum. In the attempt to distinguish the present case from the facts in *Hinnant*, plaintiff has failed to demonstrate the kind of cogent reasons necessary to justify this Court in ignoring the doctrine of stare decisis.

Finally, we note that the constitutional challenge offered on appeal was not presented to the trial court for an opportunity to rule upon that question. As a general rule, this Court will not pass upon a constitutional question which has not been raised below. *Brice v. Moore*, 30 N.C. App. 365, 226 S.E. 2d 882 (1976). Plaintiff's assignment of error is overruled.

The judgment below is

Affirmed.

Judges VAUGHN and ERWIN concur in the result.