No. 12-0688 - *Daniel W. Thomas, Angela Y. Thomas, individually, and Angela Y. Thomas, as mother and next friend of Luke D. Thomas, an infant v. William Ray McDermitt and State Farm Mutual Automobile Insurance Company*

**FILED**

**November 26, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Davis, Justice, dissenting:

This case involves a simple, straightforward issue with a correspondingly simple, straightforward resolution. However, in rendering their decision in this case, the majority has failed to appreciate that an insurer's loss of the statutory presumption provided by W. Va. Code § 33-6-31d (1993) (Repl. Vol. 2011) and a consequent reversion to the standards enunciated by this Court in *Bias v. Nationwide Mutual Insurance Company*, 179 W. Va. 125, 365 S.E.2d 789 (1987), should result in the provision of underinsured motorist coverage in this case.

The governing statute, W. Va. Code § 33-6-31d, makes clear that an insurer must use a form prescribed by the West Virginia Insurance Commissioner to receive the presumption that the insurer has made an effective offer of underinsured motorist coverage[1] to its insured and that the use of such form is *mandatory*:

---

[1]While this statutory provision also pertains to optional, additional limits of uninsured motorist coverage, the case *sub judice* concerns only optional underinsured motorist coverage. *See generally* W. Va. Code § 33-6-31d(a) (1993) (Repl. Vol. 2011).

1

(a) Optional limits of uninsured motor vehicle coverage and underinsured motor vehicle coverage required by section thirty-one [§ 33-6-31] of this article *shall be made available to the named insured* at the time of initial application for liability coverage and upon any request of the named insured *on a form prepared and made available by the insurance commissioner. The contents of the form shall be as prescribed by the commissioner* and shall specifically inform the named insured of the coverage offered and the rate calculation therefor, including, but not limited to, all levels and amounts of such coverage available and the number of vehicles which will be subject to the coverage. The form shall be made available for use on or before the effective date of this section. The form shall allow any named insured to waive any or all of the coverage offered.

(b) Any insurer who issues a motor vehicle insurance policy in this state *shall* provide the form to each person who applies for the issuance of such policy by delivering the form to the applicant or by mailing the form to the applicant together with the applicant's initial premium notice. . . . The contents of a form described in this section which has been signed by an applicant shall create a presumption that such applicant and all named insureds received an effective offer of the optional coverages described in this section and that such applicant exercised a knowing and intelligent election or rejection, as the case may be, of such offer as specified in the form. . . .

W. Va. Code §§ 33-6-31d(a-b) (emphasis added). *See also* W. Va. Code § 33-6-31d(c) (applying tenets of W. Va. Code § 33-6-31d(b) to all named insureds of subject policy of motor vehicle insurance). There is no dispute that the insurer in this case, State Farm, failed to use the form prescribed by the Insurance Commissioner when offering Mrs. Thomas optional underinsured motorist coverage. Because State Farm did not use the requisite form,

it is not entitled to the statutory presumption that it made an "effective offer of the optional coverage[]"[2] to Mrs. Thomas.

The statute is silent, however, as to what happens when an insurer has lost the presumption that it has made an effective offer of optional coverage. Absent legislative guidance, the common law in existence at the time the statutory provision was promulgated applies to answer this interpretive question. This is so because the Legislature specifically has recognized that "[t]he common law . . ., so far as it is not repugnant to the principles of the constitution of this state, shall continue in force within the same, except in those respects wherein it . . . has been, or shall be, altered by the Legislature of this state." W. Va. Code § 2-1-1 (1923) (Repl. Vol. 2013). In other words, "'[t]he common law is not to be construed as altered or changed by statute, unless legislative intent to do so be plainly manifested.' *Shifflette v. Lilly*, 130 W. Va. 297[, 43 S.E.2d 289 (1947)]." Syl. pt. 4, *Seagraves v. Legg*, 147 W. Va. 331, 127 S.E.2d 605 (1962). *Accord* Syl. pt. 3, *Seagraves*, 147 W. Va. 331, 127 S.E.2d 605 ("The common law, if not repugnant of the Constitution of this State, continues as the law of this State unless it is altered or changed by the Legislature. Article VIII, Section 21 of the Constitution of West Virginia; Chapter 2, Article 1, Section 1, of the Code of West Virginia."). Because the Legislature has not supplanted the common law by explaining the scope of coverage provided by a policy of motor vehicle insurance when the

---

[2]W. Va. Code § 33-6-31d(b).

statutory presumption of an effective offer of optional coverage has been lost by the insurer, the prevailing common law governs. The common law addressing the ramifications of an ineffective offer of optional motor vehicle insurance coverage is set forth in this Court's opinion in *Bias v. Nationwide Mutual Insurance Company*, 179 W. Va. 125, 365 S.E.2d 789 (1987).

In *Bias*, we adopted two succinct holdings. First, when an offer of optional coverage is mandated by statute, an insurer is required to show that it made an effective offer of such optional coverage to its insured:

> Where an offer of optional coverage is required by statute, the insurer has the burden of proving that an effective offer was made, and that any rejection of said offer by the insured was knowing and informed.

Syl. pt. 1, *Bias*, 179 W. Va. 125, 365 S.E.2d 789. The *Bias* Court's explanation of the criteria to be considered in determining whether an insurer has made an effective offer of optional coverage to its insured has been superceded by the Legislature's promulgation of W. Va. Code § 33-6-31d which requires an insurer's offer of such coverage to be made by using the Insurance Commissioner's form prescribed for that purpose. *See* W. Va. Code § 33-6-31d(a) (mandating use of requisite form).

Second, the *Bias* Court held that when the insurer cannot show that it has made a statutorily required effective offer of optional coverage to its insured, such optional

4

coverage is included in the policy of insurance by operation of law:

> When an insurer is required by statute to offer optional coverage, it is included in the policy by operation of law when the insurer fails to prove an effective offer and a knowing and intelligent rejection by the insured.

Syl. pt. 2, *id.* This holding remains good law and applies to answer the certified question presented by the circuit court in this case.

In the case *sub judice*, State Farm did not use the form prescribed by the Insurance Commissioner when it offered optional underinsured motorist coverage to Mrs. Thomas. Therefore, by operation of W. Va. Code §§ 33-6-31d(a-b), State Farm cannot show that it made an effective offer of optional coverage to Mrs. Thomas, and, as a result, it has lost its statutory presumption that it did so. Syllabus point 2 of *Bias* holds, in pertinent part, that such optional coverage is "included in the policy by operation of law when the insurer fails to prove an effective offer and a knowing and intelligent rejection by the insured." 179 W. Va. 125, 365 S.E.2d 789. It goes without saying that there can be no "knowing and intelligent rejection by the insured" if there is no "effective offer" in the first instance. *Id.* Therefore, once it has been established that an insurer has failed to prove that it has made an effective offer of optional coverage to its insured, Syllabus point 2 of *Bias* makes clear that the inquiry is over and the optional coverage is included in the subject policy of insurance as a matter of law. 179 W. Va. 125, 365 S.E.2d 789. *Accord* Syl. pt. 2, *Riffle v. State Farm Mut. Auto. Ins. Co.*, 186 W. Va. 54, 410 S.E.2d 413 (1991) ("*W. Va. Code* 33-6-31(b) [1988],

5

mandates that when an insurer fails to prove an effective offer and a knowing and intelligent waiver by the insured, the insurer must provide the minimum coverage required to be offered under the statute.").[3]  This inclusion of optional coverage is derived from the common law as it existed immediately prior to the Legislature's adoption of W. Va. Code § 33-6-31d, and, as such, this Court's holding in Syllabus point 2 of *Bias*, 179 W. Va. 125, 365 S.E.2d 789, should have been applied exactly as this Court intended therein.  To the extent my brethren have interpreted and applied the clearly stated and unambiguous tenets of *Bias* in a contrary manner, I respectfully dissent.

---

[3]We further have clarified how the amount of this optional coverage is to be calculated.  *See* Syl. pt. 5, *Jewell v. Ford*, 214 W. Va. 511, 590 S.E.2d 704 (2003) ("When an insurer fails to prove an effective offer and a knowing and intelligent waiver under W. Va. Code § 33-6-31(b) (1998), the minimum uninsured or underinsured coverage required to be included in the insured's policy by operation of law is a sum recoverable as damages 'up to an amount not less than limits of bodily injury liability insurance and property damage liability insurance purchased by the insured[.]'  This language clearly means that the minimum uninsured or underinsured coverage included in the insured's policy under these circumstances is an amount equal to the bodily injury liability insurance and the property damage liability insurance actually purchased by the insured.").